UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF DILLA MARIE BURT,

    Plaintiff,

v

MENARD, INC. d/b/a
MENARDS #3102,

    Defendant.

File No.

Hon.

| | |
|---|---|
| Tamara Beth Burt as Personal Representative for Estate of Dilla Marie Burt<br>217 Barber Street<br>PO Box 338<br>Spring Lake, MI 49456<br>(318) 461-3203 | Thomas G. Herman (P27846)<br>GARAN LUCOW MILLER PC<br>Attorneys for Defendant<br>300 Ottawa Avenue NW Ste 800<br>Grand Rapids, MI 49503<br>616-742-5500 |

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

TO:    Tamara Beth Burt
          As Personal Representative for Estate of Dilla Marie Burt

NOW COMES the Defendant, Menard, Inc. d/b/a Menards #3102, by and through its attorneys Garan Lucow Miller, P.C., and in support of this Notice of Removal of Cause to the United States District Court Western District of Michigan, Southern Division, states as follows:

    1.    That on October 10, 2018, Plaintiff commenced this cause of action in the Circuit Court for the County of Muskegon, State of Michigan, by filing Plaintiff's Summons and Complaint in which Menard, Inc., a Wisconsin corporation is named as Defendant. **(Exhibit A)**

    2.    Service of Process was effected by service on Defendant's registered agent on October 29, 2018. **(Exhibit B)**.

3. That this action is a suit at common law of a civil nature and the amount involved, inclusive of interest and costs, and upon information and belief, based upon allegations and representations of the Plaintiff, appear to be in excess of the sum of $75,000. (Plaintiff's Complaint – **Exhibit A**) as Plaintiff alleges:

> 16. Deceased Plaintiff suffered the following injuries as a result of Defendant's negligence:
>
>> A) Left Wrist and Thumb;
>>
>> B) Bruising/Swelling; and
>>
>> C) Shoulder Pain
>
> 17. That the Defendant's foregoing negligent acts were the proximate cause of the Deceased Plaintiff's injuries, which caused her to suffer damages either by reason said direct injuries from the accident or aggravation of a preexisting condition as follows:
>
>> A) Physical pain and suffering;
>>
>> B) Physical disability, and mental anguish and denial of every day pleasures and enjoyment;
>>
>> C) Embarrassment and humiliation in performance of ADL's Activities of Daily Living;
>>
>> D) Fright, shock, and terror; and
>>
>> E) Miscellaneous expenses.
>
> 18. That all of the aforementioned injuries and damages to the Deceased Plaintiff were ongoing until her death. That ongoing present pain and suffering would result in further pain and suffering.
>
> 19. That Deceased Plaintiff suffered restrictions of motion in her left hand.
>
> 20. That Deceased Plaintiff suffered serious damage in the loss of a normal life sustained in the past, which continued until her death. To the extent that any condition preexisted this accident, this

accident was a proximate cause of an aggravation of said preexisting condition to the Deceased Plaintiff, and said aggravation was directly and proximately caused by the Defendant's negligence.

4. That Defendant, Menard, Inc., shows this Honorable Court that this action involves a controversy between citizens of different states in that:

(A) Plaintiff, Estate of Dilla Marie Burt, is alleged to be a citizen of Michigan.

(B) Defendant, Menard, Inc., at the time of the commencement of this action, was, and now is incorporated under the laws of Wisconsin and is not a citizen of the State of Michigan.

(C) Defendant Menard, Inc., had at the time of commencement of this action, and now has, its principal place of business in the State of Wisconsin, and is not a citizen of the State of Michigan by reason of its principal place of business.

(D) Defendant Menard, Inc. is the owner and operator of the Muskegon, Michigan store where this incident occurred.

5. That this notice of removal is filed with this Court within 30 days after receipt by the Defendant, Menard, Inc., on or about October 29, 2018, by service on the Defendant of the Plaintiff's Summons and Complaint. Therefore, this removal is filed as required by 28 USC §1446(b).

6. That written notice of filing this removal has been given to all adverse parties as required by law and a copy of the Notice of Removal has been filed with the Clerk of the Court for the County of Muskegon, State of Michigan.

7. That attached is a copy of the process and pleadings that were served upon the Defendant in this cause (**Exhibit A**).

WHEREFORE, Defendant, Menard, Inc., herein, respectfully prays that this Honorable Court enter its order for removing this cause from the Circuit Court for the County of Muskegon,

State of Michigan, to the United States District Court, Western District of Michigan, Southern Division.

Date:  November 27, 2018

/s/ Thomas G. Herman
Thomas G. Herman (P27846)
Garan Lucow Miller, P.C.
300 Ottawa Ave., N.W., Ste. 800
Grand Rapids, MI 49503
(616) 742-5500

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
and I hereby certify that I have mailed by United States Postal Service the paper to the following:

Tamara Beth Burt
217 Barber Street
PO Box 338
Spring Lake, MI 49456

/s/ Lori A. Bergy
Lori A. Bergy

# EXHIBIT A

| Original – Court | 2nd copy – Plaintiff |
| --- | --- |
| 1st copy – Defendant | 3rd copy – Return |

Approved, SCAO

**STATE OF MICHIGAN**
14th JUDICIAL DISTRICT
___ JUDICIAL CIRCUIT
___ COUNTY PROBATE

**SUMMONS**

2018-005319-NO
CCR-SAC
NOT PROPOSED

Court address _____ Court telephone no. _____

Plaintiff's name(s), address(es), and telephone no(s).
Tamara Beth Burt as Personal Representative for Estate of Dilla Marie Burt
217 Barber St., # PO Box 338
Spring Lake, MI 49456
#: (218) 461-3203

Plaintiff's attorney, bar no., address, and telephone no.

v

Defendant's name(s), address(es), and telephone no(s).
Menard, Inc. d/b/a Menards #3102
5487 Harvey St.
Muskegon, MI 49444
#: (231) 798-8900

Case Assigned to: William C. Marietti

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
| --- | --- | --- |
| 10/11/2018 | 01/10/2019 | Nancy A. Waters |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.
10/11/2018 12:36 PM
MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

MC 01 (8/18) **SUMMONS**

NANCY A. WATERS – MUSKEGON COUNTY CLERK
PROXY SIGNED BY: DUNCANBR

Seal – 10/11/2018
DUNCANBR 10/11/2018
12:35:31 PM

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

Estate of Dilla Marie Burt

Plaintiff,

vs

Case No. 18-005319 -NO
Hon. Case Assigned to: William C. Marietti

Menard, Inc. d/b/a
Menards #3102

Defendant,

Tamara Beth Burt as Personal Representative
for Estate of Dilla Marie Burt
217 Barber St. ~ PO Box 338
Spring Lake, MI 49456
(318) 461-3203

## COMPLAINT & DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs' Personal Representative, Tamara Beth Burt, and hereby complains against the Defendant, Menard, Inc. d/b/a Menards #3102 personally, as follows:

### GENERAL ALLEGATIONS

1. That the amount is controversy is within the jurisdictional limits of this Court.

2. That the Plaintiffs' Personal Representative is an adult resident of Ottawa County, with an address of 217 Barber St., Spring Lake, MI 49456.

3. That the Defendant, Menard, Inc. d/b/a Menards #3102, the owner of real property in the city of Muskegon, County of Muskegon, State of Michigan located at 5487 Harvey St., Muskegon, MI 49444.

1

4. The Deceased Plaintiff Dilla Marie Burt sustained injuries on October 12, 2015 while upon the Defendants' premises at 5487 Harvey St., Muskegon, Michigan 49444.

5. That as a result of the Deceased Plaintiff's fall, she received personal injuries. She has been treated by a physician, orthopedic, and Mercy Health Visiting Nurses and remained at least partially disabled until the date of her death.

## COUNT I - DUTY MENARD, INC.

6. Paragraphs 1 through 5 are incorporated herein by reference and made a a part hereof.

7. It was the duty of the Defendant, Menard, Inc. d/b/a Menards #3102, to keep the premises of Menard, Inc. d/b/a Menards #3102 in a reasonably safe condition for patrons, including, but not limited to the electronic doors and sensors.

8. It was the Defendants' duty to warn of any known foreseeable risk of injury or foreseeable risks which by the exercise of reasonable care, should have been known to the Defendant

9. It was the Defendants' duty to provide safe electronic doors for ingress and egress of patrons free from a reasonable foreseeable risk or injury.

## COUNT II - NEGLIGENCE - BREACH OF DUTY

10. Paragraphs 1 through 9 are incorporated herein by reference and made a part hereof.

11. The Deceased Plaintiff suffered serious injuries from a fall on Defendants' property located at 5487 Harvey St., Muskegon, MI  49444 as a result of Defendants' negligence.

12. That on October 12, 2015 or prior to that date, Defendant, Menard, Inc. d/b/a Menards #3102, acted in a negligent manner, which negligence was as follows:

> A) Defendant had a duty to eliminate known hazardous conditions upon the premises of Menards and Defendant breached that duty and increased the chance of a reasonably-foreseeable injury by not ensuring regular maintenance on the electronic doors and sensors and having done so, took no precautionary measures to avoid such circumstances.

B) Defendant negligently maintained or failed to maintain the electronic doors and sensors which created a dangerous condition and an unreasonable risk of harm.

C) Defendant negligently allowed the electronic doors and sensors to work incorrectly by not executing regular maintenance or by warning patrons of the danger so that it would minimize the chances of closing on a patron.

## COUNT III - CAUSATION

13. Paragraphs 1 through 12 are incorporated herein by reference and made a part hereof.

14. That the negligence of the Defendant was the proximate cause and cause-in-fact of the injuries suffered by Deceased Plaintiff and said injuries which resulted from the accident were either directly caused by it or were an aggravation of a preexisting condition from which the Deceased Plaintiff suffered.

## COUNT IV - DAMAGED

15. Paragraphs 1 through 14 are incorporated herein by reference and made a part hereof.

16. Deceased Plaintiff suffered the following injuries as a result of Defendants' negligence:

    A) Left Wrist and Thumb;

    B) Bruising/Swelling; and

    C) Shoulder Pain

17. That the Defendant's foregoing negligent acts were the proximate cause of the Deceased Plaintiffs injuries, which caused her to suffer damages either by reason said direct injuries from the accident or aggravation of a preexisting condition as follows:

    A) Physical pain and suffering;

    B) Physical disability, and mental anguish and denial of every day pleasures and enjoyment;

3

    C) Embarrassment and humiliation in performance of ADL's Activities of Daily Living;

    D) Fright, shock, and terror; and

    E) Miscellaneous expenses.

18. That all of the aforementioned injuries and damages to the Deceased Plaintiff were ongoing until her death. That ongoing present pain and suffering would result in further pain and suffering.

19. That Deceased Plaintiff suffered restrictions of motion in her left hand.

20. That Deceased Plaintiff suffered serious damage in the loss of a normal life sustained in the past, which continued until her death. To the extent that any condition preexisted this accident, this accident was a proximate cause of an aggravation of said preexisting condition to the Deceased Plaintiff, and said aggravation was directly and proximately caused by the Defendants' negligence.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs' Personal Representative prays for the following relief:

A. That she be granted a trial by jury

B. That she receive compensatory damages sufficient to compensate for her injuries.

C. That she receives such damages for pain and suffering and other damages complained of herein.

D. That she receive such other relief as this Court and jury deem reasonable under the circumstances.

Date: Thursday, October 11, 2018

_B. Burt_

Personal Representative Tamara Beth Burt

4

# EXHIBIT B

**Carrie Ray**

| | |
|---|---|
| **From:** | sop@cscinfo.com |
| **Sent:** | Thursday, November 01, 2018 10:45 AM |
| **To:** | Carrie Ray |
| **Subject:** | Notice of Service of Process - Transmittal Number: 18907848 |

## NOTICE OF SERVICE OF PROCESS

### Transmittal Number: 18907848
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Menard, Inc. |
| **Entity I.D. Number:** | 0033810 |
| **Entity Served:** | Menard, Inc. d/b/a Menards #3102 |
| **Title of Action:** | Estate of Dilla Marie Burt vs. Menard, Inc. d/b/a Menards #3102 |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Muskegon County Circuit Court, Michigan |
| **Case/Reference No:** | 18-005319-NO |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 10/29/2018 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |

**Sender Information:**
Tamara Beth Burt
231-798-8900

**Primary Contact:**
Michael O'Brien
Menard, Inc.

**Electronic copy provided to:**
Casey Austin
Joseph Hanson
Carrie Ray

1

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

251 Little Falls Drive, Wilmington, Delaware 19808-1674
(888) 690-2882  |  sop@cscglobal.com

